IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1557 |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| MICHELLE DIGGS, Physician Assistant; | ) | |
| CHRIS MEYERS, Physician Assistant; | ) | |
| LOUIS FOLINO, Superintendent; | ) | |
| ROXANNE BURGWINKEL; CINDY | ) | |
| AULTMAN, Nurse; STEVE CRISTINI, | ) | |
| Counselor; M. CAPOZZA, Deputy | ) | |
| Superintendent; JOE BROWN, LPN , | ) | |
| | ) | |
| Defendants. | ) | re ECF No. [182]. |

## **MEMORANDUM ORDER**

This case was remanded by the Court of Appeals as to only two defendants and as to only two claims. The two remaining Defendants are Cristini and Capozza. The only two remaining claims are: 1) a procedural due process claim based upon Plaintiff being allegedly kept in the RHU for 17 months without 90 day reviews that are mandated by DOC policy;[1] and 2) retaliation claims based upon the same denial of 90 day reviews for that period,[2] as well as the Defendants' refusal of/interference with the processing of Plaintiff's grievances and their placing of false information in Plaintiff's files. After remand, this Court ordered Plaintiff to file an amended complaint concerning these two claims but warned that he could not add any new claims and any such attempt to do so would result in the new claims being stricken. ECF No. [181]. Plaintiff

---

[1] See ECF No. [178-1] at 6 ("Cooper states that he was held in the RHU for 17 months without review").

[2] See id., at 7 ("With regard to retaliation, Cooper claimed that his right to be seen by the PRC 'was deliberately denied to [him]. . .'").

has filed his amended complaint, ECF No. [182], but appears to have attempted to add new claims. Specifically, he seems to be attempting to add an Eighth Amendment claim. See, e.g., ECF No. [182] at 1, ¶ 1; id. at 4, ¶¶ 2 & 3. In accordance with our prior order, ECF No. [181], all references contained in the Amended Complaint to the Eighth Amendment are hereby **STRICKEN**. In addition, it appears that Plaintiff also seeks to expand his procedural due process/retaliation claims to include time frames regarding the length of time spent in the RHU that were not included in the operative complaint. Compare ECF No. [182] at 1, ¶ A.1 (referencing being placed in the RHU on April 16, 2004) and id., at 4, ¶ A.2 (referencing being held in the RHU for over 8 years) with ECF No. [96], at 8 ¶ 47 ("The Plaintiff was also denied PRC reviews from 9/15/06 until 2/7/08"). To the extent that Plaintiff is attempting to expand the time frame of his procedural due process/retaliation claim with respect to him not receiving PRC reviews to include times other than from September 15, 2006 until February 7, 2008, his attempt to amend his complaint is hereby DENIED and the references to April 16, 2004 and to being kept in the RHU for 8 years will be deemed mere background information, and **NOT** additional claims.

Accordingly, the two remaining Defendants are **ORDERED** to file a response to the now operative complaint as construed herein, ECF No. [182], no later than June 20, 2011.

Lisa Pupo Lenihan
Chief U.S. Magistrate Judge

Dated: June 2, 2011

cc:  Troy Cooper
    BY-5707
    SCI Greene
    175 Progress Drive
    Waynesburg, PA 15370

    Counsel of Record via CM-ECF